UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.   08-CR-10223-PBS |
| | ) | |
| ALBERT GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d)(1) the Court Orders, as follows:

Definitions

1.      Certain terms, as used in this Order, shall be defined as follows:

a.      "The defense" shall mean the defendant, counsel of record for the

defendant, and such civilian forensic experts as may be retained by the defendant

in this case.

b.      "Electronic discovery materials" shall mean electronic files and data, in

whatever computers and computer storage media they may be stored, and forensic

or other  reports pertaining to computer networks, computers, computer storage

media, files and data, by whomever prepared.

c.      "Electronic contraband" shall mean identity information (including, but

not limited to, debit and credit card information), account numbers and passwords

of individuals other than the defendant; vulnerabilities, account names and

passwords giving access to individual computers owned by individuals other than

the defendant or businesses owned by anyone other than the defendant; malware;

files originating with or belonging to government agencies; and IP addresses

1

of computer servers which contain, or for which there is a reasonable basis to

believe contain, any of the information, files or data described above.

### Inspection by Defense Counsel

2.      Electronic discovery materials produced pursuant to Fed. R. Crim. P. 16, L.R.

116.2, or subsequent Order of this Court shall be made available for review by defense counsel

at the Boston Office of the United States Secret Service as often as is necessary for preparation

for trial at times mutually convenient to the United States and defense counsel. Defense counsel

may request that up to 500 gigabytes of electronic discovery materials be available for inspection

and review at any given time. The United States may require reasonable notice to initially

assemble and install the electronic discovery materials for review, but may require no more than

fifteen (15) business days to do so. After the electronic discovery materials have been assembled

and installed once, the United States may require no more than five (5) business days to make

them available for subsequent review.

3.      Defense counsel may inspect all electronic discovery materials, subject only to

the terms and conditions of this Protective Order.

4.      Defense counsel may request copies of any electronic discovery materials, other

than electronic contraband, which defense counsel considers relevant to the preparation of the

defense of this case.

5.      The United States shall designate an agent with the United States Secret Service

who will not otherwise be involved in the preparation of this matter for trial to arrange the

copying. The designated agent may rely on other agents who may have participated in, or

performed, forensic examinations during the investigation of this matter to make the requested

2

copies. AUSA Stephen P. Heymann, Senior Counsel Kimberly Kiefer Peretti, or Special Agent
Peter Gannon, shall not ask either the designated agent or agents making copies to identify for
them files or data specified in defense counsels' requests for copies.

6.     Defense counsel may take notes concerning any electronic discovery material,
including material which defense counsel may not copy, but those notes must be stored at the
defense counsel's offices in accordance with the procedures for use of maintenance of electronic
materials set forth in paragraph 14, below.

## Inspection by Civilian Experts

7.     Defense counsel will provide the United States the name, address, social security
number and date of birth of any civilian expert that they wish to have access to electronic
discovery materials fourteen (14) days beforehand. If the United States objects for security
reasons during this 14-day period, the defense shall not disclose electronic discovery materials to
the identified expert until this Court rules on the objections and the defense's response.

8.     Before having access to electronic discovery materials, the civilian expert must
sign a copy of this Order, and by doing so, agrees to use and maintain the electronic discovery
materials in accordance with the terms and conditions of this Order in the same manner as for
defense counsel.

## Inspection By The Defendant

9.     The defendant may inspect all electronic discovery material other than electronic
contraband for the purpose of assisting in the preparation of his defense in the presence of
counsel and under the direct supervision and control of his counsel. For this purpose, with
reasonable notice from defense counsel, the United States will arrange as often as is necessary

3

for trial preparation for the defendant to be brought into the offices of the U.S. Attorney to meet with defense counsel and have available for review with defense counsel electronic discovery materials other than electronic contraband.

10.     Defense counsel is also authorized to take any copies of non-contraband electronic discovery materials he has obtained pursuant to paragraphs 4 and 5, above, to wherever the defendant may be held in pretrial detention.

11.     Except as set forth below, the United States shall not be required to provide the defendant access to any electronic contraband absent prior Order of the Court which may be entered for good cause shown upon an ex parte application. Any such application to the Court shall detail steps that will be taken by defense counsel to ensure no misuse by the defendant of the electronic contraband.

12.     Thirty (30) days prior to trial, with reasonable notice from defense counsel, the United States will arrange as often as is necessary for trial preparation for the defendant to be brought into the offices of the U.S. Attorney to meet with defense counsel and have available for review with defense counsel the items of electronic contraband which it intends to offer in its case-in-chief. Any access by the defendant to electronic contraband shall take place only in the presence of counsel and under the direct supervision and control of his counsel.

13.     Any notes taken by defendant referencing electronic discovery shall be maintained by defense counsel and any notes referencing electronic contraband shall be maintained in accordance with paragraph 14, below.

4

Use and Maintenance of Electronic Discovery Materials by the Defense

14.    The defense shall use and maintain the electronic materials including any copies or notes, as follows:

        a.    The defendant, defense counsel and civilian experts shall use the electronic discovery materials solely and exclusively in connection with this case and the case presently pending against the defendant in the United States District Court for the Eastern District of New York (including investigation, trial preparation, trial, and appeal), and not for any literary, commercial or other purpose.

        b.    All notes referencing electronic contraband shall be maintained by defense counsel and civilian expert(s) at their respective offices in a locked room and on one of more computers that are not connected to the Internet at any time.

        c.    In no event shall the defendant, defense counsel or civilian experts disclose or describe any of the electronic discovery materials to any other person or entity other then the government, this Court or the United States District Court for the Eastern District of New York. Should the defense need to disclose or describe any of the electronic contraband to this Court or the United States District Court for the Eastern District of New York, it shall do so under seal. Should the defense need to disclose or describe any of the electronic contraband to any other Court or during any other legal proceedings, it shall do so only with notice to the government and after gaining permission from this Court.

5

15.     Defense counsel shall keep an up-to-date list of all counsel, staff, agents, and experts who have accessed electronic discovery materials or had it described to them.

16.     Defense counsel shall promptly notify the United States and this Court in writing if any discovery materials are disclosed to anyone not designated by this Order or further order of the Court, either intentionally or unintentionally. The defendant and any defense experts shall promptly notify defense counsel of any such disclosures.

17.     At the end of these proceedings, the defendant, defense counsel, and defense experts shall return any copies they may have requested of the discovery materials to the United States Secret Service Agent designated pursuant to paragraph 5. Defense counsel may retain any notes made by defendant, the defense, and defense experts under the conditions set forth above, or destroy them.

IT IS SO ORDERED.

MARIANNE B. BOWLER
United States Magistrate Judge

Date: April 3, 2009

6