```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA            )
                                    )
          v.                        ) CRIM. ACTION NO. 08-10223-PBS
                                    )
ALBERT GONZALEZ,                    )
               Defendant.           )
                                    )
```

**ORDER**

May 26, 2009

Saris, U.S.D.J.

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Court orders, as follows:

1. Certain terms, as used in this Order, shall be defined as follows:

   a. The defense shall mean the defendant, counsel of record for the defendant, any paralegal approved by the Court upon application of the defendant and such civilian forensic experts as may be retained by the defendant in this case.

   b. Electronic discovery materials shall mean electronic files and data, in whatever computers and computer storage media they may be stored, and forensic or other reports pertaining to computer networks, computers, computer storage media, files and data, by whomever prepared, required to be produced by the government pursuant to Fed. R. Crim. P. 16(a) and Local Rule 116.1 of this Court.

   c.   Electronic contraband shall mean identity information (including, but not limited to, unexpired and current debit and credit card information), account numbers and passwords of individuals other than the defendant; vulnerabilities, account names and passwords giving access to individual computers owned by individuals other than the defendant or businesses owned by anyone other than the defendant; malware; files originating with or belonging to government agencies; and IP addresses of computer servers which contain, or for which there is a reasonable basis to believe contain, any of the information, files or data described above.

   d.   Defense Counsel shall include counsel of record for the defendant in this case, and counsel of record for the defendant in United States v. Albert Gonzalez et. al., Criminal Docket No. 08-160 (s-1)(SJF), pending in the United States District Court for the Eastern District of New York.

   2.   The United States may produce all electronic discovery materials by making copies of them available on the Clustered Computer Analysis Platform (ACCAPP described on pp. 7 - 8 of the Government's Response to Defendants Motion to Vacate Protective Order.

   Defense counsel's inspection of electronic discovery materials on the CCAP shall be without prejudice to Defendant's right to move the Court for additional discovery materials or the production of electronic discovery materials in a different form.

3. Absent further order of this Court, the United States shall not be obligated to make additional copies of any electronic discovery materials which are available for inspection by the defense on the CCAP.

4. Except as authorized below in paragraph 7, no one shall print or store paper copies of the electronic discovery materials made available on the CCAP.

**Inspection by Defense Counsel**

5. Defense Counsel may inspect all electronic discovery materials, subject only to the terms and conditions of this order.

6. Defense Counsel may take notes concerning any electronic discovery materials, including at the request of Defendant, but any notes that specifically copy or particularize "electronic contraband" must be stored at Defense Counsels respective offices in accordance with the procedures for maintenance of electronic discovery materials set forth in paragraph 14(b), below.

7. Counsel Martin Weinberg may print paper copies of all electronic discovery materials that may assist Defense Counsel in preparation for trial. The CCAP discovery mechanism will allow for such printing by Mr. Weinberg. All records, documents and files printed by Mr. Weinberg shall be stored in a locked safe in his office when not being used by Defense Counsel in preparation for trial, and shall be shredded by Mr. Weinberg upon the

conclusion of the criminal cases pending against Defendant and any subsequent appeals.

Mr Weinberg may disseminate copies to Mr Rene Palomino for his use. Any copies received by Mr. Palamino will be stored in a locked safe when not being used by him in preparation for trial, and shall be shredded by Mr. Palomino upon the conclusion of cases pending against defendant and any subsequent appeals.

Inspection by Civilian Experts

8. Defense Counsel shall provide the United States the name, address, social security number and date of birth of any civilian expert or paralegal that they wish to have access to electronic discovery materials fourteen (14) days before giving such individual access.  If the United States objects during this 14-day period, the defense shall not disclose electronic discovery materials to the identified expert until this Court rules on the objections and the defense's response.  Absent a timely objection by the United States or following a ruling by this Court granting access, a civilian expert or paralegal retained by the defense may inspect electronic discovery materials in the same manner as defense counsel, although neither may have printed copies of the electronic discovery absent prior court order.

9. Before having access to electronic discovery materials, a civilian expert and/or paralegal must sign a copy of this Order, and by doing so, acknowledges that he has read,

understands and is bound by the terms of this Protective Order.

Inspection by Defendant

    10.  Defendant may access electronic discovery materials solely for the purpose of assisting Defense Counsel in the preparation of his defense.  He may not take notes of any kind while accessing electronic discovery material, but may ask Defense Counsel to do so, as set forth in paragraph 6, above. Defendant may access electronic discovery materials other than the Toshiba Laptop seized in the National Hotel, the 300GB Maxtor hard drive seized at the home of Alberto and Maria Gonzalez, only in the presence of defense counsel and such other individuals as this Court subsequently may authorize or the Government, upon notice pursuant to paragraph 8, approves.

    11. Defendant may access the contents of the Toshiba Laptop and 300GB Maxtor External Hard Drive only in the presence of Counsel Martin Weinberg.

    12.  Defendant may make notes concerning electronic discovery materials at times he is not with Defense Counsel for the purpose of assisting counsel in the defense of his case. These notes may not contain individuals' credit or debit card numbers, PIN numbers, social security numbers, e-mail addresses, account names, account numbers, or passwords; vulnerabilities, account names or passwords giving access to computers or computer networks; malware; files originating with or belonging to government agencies; or IP addresses or URLs found in electronic

discovery materials.

Forensic Reports Prepared at the Requests of Third Parties

    13.  The Court has reserved its ruling on the scope and circumstances of the production of, and access to, third party forensic reports until relevant factual and legal issues are more fully developed.  A separate Protective Order will govern access to such reports to the extent the Court determines they shall be disclosed in discovery.

**Use and Maintenance of Electronic Discovery**
**Materials by the Defense**

    14.  The defense shall use and maintain the electronic materials including any copies or notes, as follows:

a. The defendant, Defense Counsel, paralegals and civilian experts shall use the electronic discovery materials solely and exclusively in connection with this case and the case presently pending against the defendant in the United States District Court for the Eastern District of New York (including investigation, trial preparation, trial, and appeal), and not for any literary, commercial or other purpose.

    b.  All credentials and tokens necessary to access the CCAP site and all notes referencing electronic contraband shall be maintained by Defense Counsel and civilian expert(s) at their respective offices in a locked room and on one or more computers that are not connected to the Internet at any time, except as needed to establish a connection to the CCAP environment.

c.  In no event shall the defendant, Defense Counsel, paralegals or civilian experts disclose or describe any of the electronic contraband to any other person or entity other than the government, this Court or the United States District Court for the Eastern District of New York.  Pleadings describing or disclosing electronic contraband shall be filed under seal, absent prior order of this Court.

**Logging of Usage of the CCAP**

15.  Defense counsel, or a representative authorized by this Court, shall make a record of the files defendant looks at, and the action he takes at each session that he has access to electronic contraband on the CCAP.  The record shall be filed in Court under seal and under oath within one week of the session with the Defendant.    The United States may not monitor or record in any way what electronic discovery materials Defense Counsel or Defendant's forensic expert(s) look at on the CCAP, what they search for, or what, if anything, they print out.

16.  Defense Counsel shall keep an up-to-date list of all counsel, staff, agents, and experts who have accessed electronic discovery materials or had electronic discovery materials described to them.

17.  The Defense shall promptly notify this Court and the United States in writing if any discovery materials are disclosed either intentionally or unintentionally to anyone not designated

by this Order or further order of the Court.

    18.  The United States shall provide a copy of this order to all individuals who are not members of the defense who can access the contents of the CCAP.

    **IT IS SO ORDERED**.

    **S/PATTI B. SARIS**
UNITED STATES DISTRICT JUDGE