UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
UNITED STATES OF AMERICA,   )
                                          )
v.                                         )        Nos. 08-CR-10223-PBS
                                          )               08-CR-10262-PBS
ALBERT GONZALEZ,              )
                                          )
Defendant.                          )
_____)

**RESPONSE OF DEFENDANT ALBERT GONZALEZ TO GOVERNMENT'S MOTION
FOR CONTINUANCE OF SENTENCING**

Now comes the defendant Albert Gonzalez and responds to the government's Motion for

Continuance of Sentencing as follows:

1.  Counsel did not receive Dr. Roth's finalized report until December 14, 2009, the day

before his Sentencing Memorandum was filed. Defendant provided notice in his objections to the

Presentence Report that he intended to submit materials in support of a request for downward

departure based on diminished capacity under USSG §5K2.13 and for a downward variance based

on the 18 U.S.C. §3553(a) factors. *See* PSR at 57-58. Thus, the government did have notice that

defendant would present the Court with information attesting to his diminished capacity at the time

of the offenses to which he has pled guilty. Defendant has not sought an evidentiary hearing. Dr.

Roth's report is only one of many parts of an integrated set of reasons why Gonzalez should be

sentenced to a term at the bottom of the sentencing range set forth in the plea agreement.

2.  Defendant does not, however, object to a continuance of the sentencing hearing to the

extent a short delay is determined by the Court to be reasonably necessary to permit the government

to retain an expert to assist it in responding to Dr. Roth's report. However, the government cites no

authority for requiring the defendant to submit to examination by a government expert for purposes

of sentencing, and there is none of which the defendant is aware except in capital cases. Fed. R.

Crim. P. 12.2(b) and 12.2(c)(1)(B) authorize the Court to authorize an examination of the defendant

only if "a defendant intends to introduce expert evidence relating to a mental disease or defect or any

other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of

punishment *in a capital case*" (emphasis added). Defendant objects to any compelled examination

by the government.

3. Because of a long-scheduled family trip that has been pre-planned, counsel requests that

if a continuance is ordered, that the date for sentencing not be set between January 18, 2010 and

February 28, 2010

Respectfully Submitted,
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
Martin G. Weinberg, PC
Mass. Bar No. 51948
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

DATED: December 16, 2009

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this 16th day of December, 2009, a copy of the foregoing document has been served via the Electronic Court Filing system on all registered participants, including Stephen P. Heymann, AUSA.

**/s/ Martin G. Weinberg**
Martin G. Weinberg