UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
v.                                  )     Nos. 08-CR-10223-PBS
                                    )           09-CR-10262-PBS
ALBERT GONZALEZ,                    )
                                    )
Defendant.                          )
_____ )

**DEFENDANT ALBERT GONZALEZ' OPPOSITION TO GOVERNMENT'S MOTION FOR PSYCHIATRIC EXAMINATION**

Contrary to the government's contention, there is no authority for a court to order a defendant to submit to a psychiatric examination conducted by a government expert in the context of a sentencing hearing in a non-capital case. Fed. R. Crim. P. 12.2(b) and 12.2(c)(1)(B) authorize the Court to authorize an examination of the defendant *only* if "a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case." The cases on which the government relies are uniformly inapposite, as they were all decided before the comprehensive amendment of Rule 12.2 in 2002. It is clear from that amendment that Congress considered the extent to which district courts should have the authority to order psychiatric examinations in conjunction with sentencing determinations and chose to include only capital sentencing proceedings. That limitation makes sense, as only in capital sentencing proceedings, like the insanity defense context, is the defendant's mental condition an issue to be submitted to the jury for its determination, and evidence regarding the defendant's mental condition may prove outcome determinative. In those contexts, where the parties are submitting the issue to a jury, the equities may

favor permitting the government to present countervailing evidence to the jury through its own expert based upon its expert's evaluation of the defendant, so that they jury can weigh the competing conclusions and reach its own conclusions. That is not the case where a defendant submits mental condition evidence to the court at sentencing in support of a USSG §5K2.13 departure or to support his argument that assessment of all the 18 U.S.C. §3553(a) factors, including his mental condition at the time of the offense, warrants a sentence below the discretionary guidelines sentencing range.

While the Advisory Committee did note that the 2002 amendments were "not intended to affect any other statutory or inherent authority a court may have to order other mental examinations," there is, contrary to the government's contention, no authority for the proposition that the Court has the inherent authority to force the defendant to submit to a psychiatric examination by a government expert in the context of either §5K2.13 or 3553(a). Certainly the government cites none, and defendant's research to date has found none. Many of the cases cited by the government arose in the guilt/innocence context, and one is a capital case, contexts far removed from discretionary post-*Booker* sentencing. *United States v. Webster*, 162 F.3d 308 (5th Cir.1998), was a pre-amendment capital sentencing case. In *United States v. Davis*, 93 F.3d 1286 (6th Cir. 1996), another pre-amendment case, the defense served notice that the defendant intended to present expert testimony on the issue of guilt; the Court noted that the exercise of the Court's inherent authority to compel a psychiatric examination presented "serious – and as yet undecided – constitutional questions." *Id.* at 1295. The Court was, however, not required to tackle those serious issues because the defendant consented to the examination. *United States v. Phelps*, 955 F.2d 1258 (9th Cir.1992), arose in the context of an 18 U.S.C. §4243(f) examination of a defendant acquitted on insanity grounds who was seeking release. *United States v. Baird*, 414 F.2d 700 (2d Cir. 1969), *United States v. Weiser*, 428

F.2d 932 (2d Cir. 1969), and *Gibson v. Zahradnick,* 581 F.2d 75 (4th Cir. 1978), a state habeas case, all concerned compelled psychiatric examinations in the context of an insanity defense at trial.

Defendant has presented the Court with Dr. Roth's report as one part of a broad-based effort to provide the Court with insight into Gonzalez' background and mental condition, which he contends, along with the other bases addressed in his sentencing memorandum, warrant a sentence at the low end of the 15-25 year range set forth in the plea agreement, *i.e.*, that a 15 year sentence is sufficient to serve the purposes of sentencing. His ability to do so should not come at the price of being forced to submit to a psychiatric examination by a government expert. The prospect of being forced to undergo a compelled psychiatric examination against his will if he makes too much of an issue of his mental condition in seeking a lesser sentence would have a profoundly chilling effect on the ability of defendants to present their sentencing courts with the breadth of information essential for them to make a fully informed sentencing decision. Moreover, in this particular case, defendant is not contending that Dr. Roth's conclusion that certain of Gonzalez' behavior is consistent with the diagnostic criteria for Asperger's and internet addiction compel the Court to sentence him to the low end of the sentencing range, nor does he rely on Dr. Roth's opinion as his sole basis for seeking a sentence at the low end of the agreed-upon range. Instead, Dr. Roth's information is but one piece of defendant's broad-based presentation to the Court.

There are, moreover, significant Fifth Amendment and Sixth Amendment interests at stake. To order Gonzalez to submit to a government psychiatric examination is to compel him to provide testimonial evidence against himself, as in the course of such an examination the government expert would no doubt ask Gonzalez questions bearing on his commission of the offenses to which he has pled guilty and perhaps other offenses as well. While Rule 12.2 addresses use of such statements in

examinations compelled under that rule, what protection would Gonzalez have from use of any such statements against him if the Court were to order such an examination in circumstances falling outside the scope of the rule? Moreover, such an examination raises serious right to counsel concerns. Would Gonzalez' counsel be permitted to be present at such an examination? There are difficult and complicated questions which would arise in ordering such an examination, *see Davis*, *supra,* and no guidance for resolving these issues can be found in the case law, as, insofar as defendant's research reveals, invocation of the Court's inherent powers to order a compelled psychiatric examination on motion of the government in the context of a §5K2.13 or §3553(a) determination would be *unprecedented*. Neither defendant or the government has found any case in which, since the advent of the guidelines in 1987 or the end of mandatory guidelines sentencing in the wake of the 2005 *Booker* decision, a court has ordered the defendant to submit to such an examination over his objection in such contexts.

This opposition is a preliminary response to the government's motion, submitted to place defendant's position on the record. Defendant seeks leave to supplement this opposition no later than close of business on Tuesday, December 22, 2009.

        Respectfully Submitted,
        By His Attorney,

        **/s/ Martin G. Weinberg**
        Martin G. Weinberg
        Martin G. Weinberg, PC
        Mass. Bar No. 51948
        20 Park Plaza, Suite 1000
        Boston, MA 02116
        (617) 227-3700

**CERTIFICATE OF SERVICE**

       I, Martin G. Weinberg, hereby certify that on this 18th day of December, 2009, a copy of the foregoing document has been served via the Electronic Court Filing system on all registered participants, including Stephen P. Heymann, AUSA.

                                   **/s/ Martin G. Weinberg**
                                   Martin G. Weinberg