UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                       )    Criminal No. 08-10223-PBS<br>)<br>ALBERT GONZALEZ,            )<br>a/k/a cumbajohny, a/k/a cj, )<br>a/k/a UIN 201679996, a/k/a  )<br>UIN 476747, a/k/a soupnazi, )<br>a/k/a segvec, a/k/a k l ngchilli, )<br>a/k/a stanozololz,           )<br>        Defendant.           ) | |

### PRELIMINARY ORDER OF FORFEITURE

**SARIS, D.J.,**

WHEREAS, on August 5, 2008, a federal grand jury sitting in the District of Massachusetts returned a nineteen-count Indictment charging defendant Albert Gonzalez (the "Defendant"), with Conspiracy, in violation of 18 U.S.C. § 371 (Count One); Damage to Computer Systems, in violation of 18 U.S.C. §§ 1030(a)(5)(A)(i) and 1030(a)(5)(B)(i) and 2 (Counts Two through Six); Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Seven through Ten); Access Device Fraud, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Counts Eleven through Fifteen); and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2;

WHEREAS, the Indictment included a Forfeiture Allegation, pursuant to 18 U.S.C. §§ 1029(c)(1)(C), 982(a)(2)(B), 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon the Defendant's conviction of one or more of the offenses in violation of 18

U.S.C. § 1029 charged in Counts Eleven through Fifteen of the Indictment, and/or of one or more of the offenses in violation of 18 U.S.C. § 1030 charged in Counts Two through Six of the Indictment, of any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of one or more of the offenses, pursuant to 18 U.S.C. § 982(a)(2)(B). Such property included, but was not limited to:

- a. approximately $1,650,000.00 in United States currency;

- b. the condominium located at 3855 SW 79th Avenue, Apt. 52, Miami, Florida, more particularly described in the Special Warranty Deed recorded on August 12, 2005 by the Miami-Dade County Clerk of Court at Book 23676, Page 1288;

- c. one blue 2006 BMW 330I, bearing Vehicle Identification No. WBAVB33506KS37669;

- d. approximately $6,700.00 in United States currency, seized from Albert Gonzalez on May 7, 2008;

- e. approximately $15,823.00 in United States currency, seized from Albert Gonzalez on May 7, 2008;

- f. one IBM Laptop Computer, Serial No. L3-AD488, seized from National Hotel, Room 1508, 1677 Collins Avenue, Miami, Florida on May 7, 2008;

- g. one Toshiba Laptop Computer, Serial No. X5040-119H, seized from National Hotel, Room 1508, 1677 Collins Avenue, Miami, Florida on May 7, 2008;

- h. a Glock 27 firearm, Serial No. GSZ729, along with ammunition, seized from National Hotel, Room 1508, 1677 Collins Avenue, Miami, Florida on May 7, 2008;

- i. one Nokia cell phone, Serial No. 0516774LN01AF; seized from National Hotel, Room 1508, 1677

Case 1:08-cr-10223-PBS   Document 66   Filed 12/11/2009   Page 3 of 9

        Collins Avenue, Miami, Florida on May 7, 2008;

j.   one Everex Stepnote computer, Serial No. A07519663R, seized from 6400 SW 32nd Street, Miami, Florida on May 7, 2008;

k.   one 350C Currency Counter, Serial No. J764265, seized from 6400 SW 32nd Street, Miami, Florida on May 7, 2008;

l.   one Maxtor 300GB hard drive, Serial No. B60QLCYH, seized from 6400 SW 32nd Street, Miami, Florida on May 7, 2008;

m.   one Sharp Zaurus PDA, Serial No. 63007505, seized from 6400 SW 32nd Street, Miami, Florida on May 7, 2008; and

n.   approximately $178.87 in United States currency seized from the person and automobile of Albert Gonzalez on May 8, 2008,

(collectively, the "Indicted Assets");

WHEREAS, the Forfeiture Allegation of the Indictment also sought the forfeiture, pursuant to 18 U.S.C. §§ 1029(c)(1)(C), 982(a)(2)(B), 981(a)(1)(C), and 28 U.S.C. § 2461(c), upon the Defendant's conviction of one or more of the offenses in violation of 18 U.S.C. § 1029 charged in Counts Eleven through Fifteen of the Indictment, and/or of one or more of the offenses in violation of 18 U.S.C. § 1030 charged in Counts Two through Six of the Indictment, and/or of one or more of the offenses in violation of 18 U.S.C. § 1343 charged in Counts Seven through Ten of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to one or more of the offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461(c), including, without limitation, the Indicted Assets;

WHEREAS, the Forfeiture Allegation of the Indictment also provided notice that the government would seek forfeiture, upon the Defendant's conviction of one or more of the offenses in violation of 18 U.S.C. § 1029 charged in Counts Eleven through Fifteen of the Indictment, of any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1029(c)(1)(C), including, without limitation, the Indicted Assets;

WHEREAS, the Indictment further provided that if any of the property described as being forfeitable to the United States, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such property, pursuant to 18 U.S.C. §§ 1029(c)(2) and 982(b)(1), and/or 28 U.S.C. § 2461(c), all of which incorporate 21 U.S.C. § 853(p);

WHEREAS, on September 11, 2009, the Defendant pled guilty to

4

Counts One through Nineteen of the Indictment, pursuant to a written plea agreement that he signed on August 25, 2009;

WHEREAS, in Section 11 of the written plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. §§ 981, 982, and 1029, and 28 U.S.C. § 2461, as a result of his guilty plea;

WHEREAS, the Defendant specifically agreed to the forfeiture of the following assets, among others:

- a. the condominium located at 3855 SW 79th Avenue, Apt. 52, Miami, Florida, more particularly described in the Special Warranty Deed recorded on August 12, 2005 by the Miami-Dade County Clerk of Court at Book 23676, Page 1288;

- b. one blue 2006 BMW 330I, bearing Vehicle Identification No. WBAVB33506KS37669;

- c. approximately $6,700.00 in United States currency, seized from Albert Gonzalez on May 7, 2008;

- d. approximately $15,823.00 in United States currency, seized from Albert Gonzalez on May 7, 2008;

- e. one IBM Laptop Computer, Serial No. L3-AD488, seized from National Hotel, Room 1508, 1677 Collins Avenue, Miami, Florida on May 7, 2008;

- f. one Toshiba Laptop Computer, Serial No. X5040-119H, seized from National Hotel, Room 1508, 1677 Collins Avenue, Miami, Florida on May 7, 2008;

- g. a Glock 27 firearm, Serial No. GSZ729, along with ammunition, seized from National Hotel, Room 1508, 1677 Collins Avenue, Miami, Florida on May 7, 2008;

- h. one Nokia cell phone, Serial No. 0516774LN01AF; seized from National Hotel, Room 1508, 1677 Collins Avenue, Miami, Florida on May 7, 2008;

    i.    one Everex Stepnote computer, Serial No. A07519663R, seized from 6400 SW 32nd Street, Miami, Florida on May 7, 2008;

    j.    one 350C Currency Counter, Serial No. J764265, seized from 6400 SW 32nd Street, Miami, Florida on May 7, 2008;

    k.    one Maxtor 300GB hard drive, Serial No. B60QLCYH, seized from 6400 SW 32nd Street, Miami, Florida on May 7, 2008;

    l.    one Sharp Zaurus PDA, Serial No. 63007505, seized from 6400 SW 32nd Street, Miami, Florida on May 7, 2008;

    m.    approximately $178.87 in United States currency seized from the person and automobile of Albert Gonzalez on May 8, 2008;

    n.    approximately $1,111,500.00, seized from 6400 SW 32nd Street, Miami, Florida on November 25, 2008;

    o.    one Tiffany diamond ring, which Defendant gave to Jennifer Bulas as a gift;

    p.    one Rolex watch, which Defendant gave to Alberto Gonzalez as a gift;

    q.    one Rolex watch, which Defendant gave to Carlos Ansuarez as a gift; and

    r.    one Rolex watch, which Defendant gave to Jose Lago as a gift,

(collectively, the "Forfeited Assets");

WHEREAS, in the plea agreement, the Defendant admitted that the Forfeited Assets were subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of the Defendant's unlawful activity and property used, or intended to be used, to commit the crimes charged in Counts One through Fifteen of the Indictment; and

WHEREAS, the Defendant consented to the forfeiture of all of the Defendant's interests in the Forfeited Assets to the United States.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and admissions at the plea hearing, that the United States has established the requisite nexus between the Forfeited Assets and the offenses to which the Defendant pleaded guilty. Accordingly, the Forfeited Assets are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a) and (p).

2. If the Forfeited Assets, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such property, pursuant to 21 U.S.C. § 853(p).

3. The United States shall seize and hold the Forfeited Assets in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days, notice of this Order and of the United States' intent to dispose of the Forfeited Assets in such manner as the Attorney General may direct on the government website www.forfeiture.gov.

5. Pursuant to 18 U.S.C. § 853, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Forfeited Assets to be forfeited.

6. Pursuant to 18 U.S.C. § 853, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Forfeited Assets, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Forfeited Assets; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeited Assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Forfeited Assets, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 18 U.S.C. § 853, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 18 U.S.C. § 853 for the filing of such petitions, the United States of America shall have clear title to the Forfeited Assets. At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Forfeited Assets.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

PATTI B. SARIS
United States District Judge

Date: 1/11/10